## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| R. A. ALLEN COMPANY, INC | ) |
| | ) |
| a Massachusetts Corporation, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. |
| | ) |
| THE ALLEN COMPANY, INC. | ) |
| | ) Jury Trial Requested |
| a Colorado Corporation, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## **COMPLAINT**

Plaintiff R.A. Allen Company, Inc. (ALLEN) by and through its attorneys, complaining of Defendant The Allen Company, Inc. alleges as follows:

## **THE PARTIES**

1.   ALLEN is a corporation organized and existing under the laws of the

Commonwealth of Massachusetts, having an office and place of business at 505

Beachland Boulevard, Vero Beach, FL 32963

2.   Upon information and belief, Defendant is a corporation organized and existing

under the laws of the State of Colorado, having a place of business at 525

Burbank Street, Broomfield, Colorado 80020.

1

## CLAIMS

3.     The Claims contained herein arise under the provisions of the Trademark Act of
       1946, as codified at 15 United States Code, Section 1051 et seq., and allege
       trademark infringement and false designation of origin, false or misleading
       descriptions and representations arising from the use by Defendant of the
       trademark ALLEN on a cargo carrier that is mountable on a motor vehicle for
       carrying skis and the like. This is an action for trademark infringement and unfair
       competition arising from the Defendant's use of the trademark ALLEN on a
       universal carrier for that is mountable on a motor vehicle in the form of a cargo
       carrier that is mountable on a motor vehicle in interstate commerce within the
       United States, and specifically in this District of Massachusetts. This Count for
       trademark infringement arises under the trademark laws of the United States,
       namely, Title 15 of the United States Code and, more particularly, under 15
       U.S.C. §§ 1114 (1) et seq. Upon information and belief, Defendant is transacting
       and doing business within the judicial district and is subject to the jurisdiction of
       this Court.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over the subject matter of this claim pursuant to 15
       U.S.C. § 1121.

5.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(d).

2

## FACTS COMMON TO ALL COUNTS

6.   Plaintiff has adopted and has been using the trademark "ALLEN" (ALLEN Mark) continuously since at least as early as 1970.

7.   Plaintiff has been using the ALLEN Mark in connection with the sale in interstate commerce of a universal rack that is mountable on motor vehicles for carrying bicycles, skis and the like since at least as early as 1970.

8.   On November 3, 1987, Plaintiff was duly issued United States Trademark Registration No. 1,463,413 for the trademark "ALLEN" for a universal rack that is mountable on motor vehicles for carrying bicycles, skis and the like, which registration is valid and in force and effect, and is attached hereto as Exhibit A.

9.   Registration No. 1,463,413 for the trademark "ALLEN" has become incontestable pursuant to 15 U.S.C. § 1065.

10.  The ALLEN Mark is in full force and effect and, along with ALLEN's goodwill in connection with the use of the ALLEN Mark, has never been abandoned and is widely recognized as representing the goods sold by ALLEN.

11.  The goods sold by ALLEN under the ALLEN Mark have been widely advertised to the purchasing public and the trade throughout the United States.

12.  ALLEN's goods sold under the ALLEN Mark have become highly successful and have achieved a reputation as high quality goods. As a result thereof, the ALLEN Mark and the goodwill associated therewith are of inestimable value to ALLEN.

13.  The ALLEN Mark, by virtue of its wide renown, has developed a significance in the minds of the trade and the purchasing public, such that carriers mountable on a

3

motor vehicle sold under the under the ALLEN Mark are immediately identified

by the purchasing public with ALLEN.

14.     Long after ALLEN's adoption and use of the ALLEN Mark for a universal carrier

that is mountable on a motor vehicle, upon information and belief, Defendant

commenced production, manufacture, distribution, offering for sale and selling

two carriers that are mountable on motor vehicles, one such product being a water

resistant cargo carrier that is universally mountable on motor vehicles and sold

under the trademark ALLEN and the other product being a water proof cargo

carrier that is universally mountable on motor vehicles and sold under the

trademark ALLEN (collectively, the Offending Products). A copy of an

advertisement for the Offending Products is attached hereto as Exhibit B.

15.     Upon information and belief, Defendant's aforesaid conduct, namely, the use of

the trademark ALLEN, was wilful and intentional, and was designed to cause

consumers to be deceived as to the source or origin of the Offending Products.

Defendant's aforesaid conduct has been without the consent of ALLEN. Further,

upon information and belief, Defendant's use of the ALLEN trademark on a

carrier that is mountable to a motor vehicle is diluting the ALLEN Mark by

diminishing, tarnishing and/or devaluing the ALLEN Mark, all to ALLEN's

detriment and damage.

4

## COUNT I

16. ALLEN repeats and realleges each and every one of the allegations of paragraphs 1-15 as if fully set forth herein.

17. The trademark ALLEN when used in connection with carriers that are mountable on motor vehicles constitutes a trademark of the Plaintiff and the general public associates such carriers with the Plaintiff.

18. In connection with the sale of carriers that are mountable on motor vehicles under the ALLEN trademark, Defendant has used a false description or representation, namely, that the Plaintiff is the source of the Offending Products.

19. Defendant has caused its Offending Products with said false description or representation to enter interstate commerce.

20. ALLEN has been damaged by the use of said false description or representation.

21. ALLEN is entitled to relief pursuant to 15 United States Code, § 1125(a).

## COUNT II

22. ALLEN repeats and realleges each and every one of the allegations of paragraphs 1-15 and 17-21 as if fully set forth herein.

23. The ALLEN Mark constitutes a registered trademark of ALLEN and the general public associates the ALLEN Mark with carriers that are mountable on motor vehicles with such products sold by Plaintiff.

24. Defendant has infringed the ALLEN Mark by use of the trademark ALLEN on Offending Products.

25. The use of the trademark ALLEN by Defendant for a cargo carrier that is

5

mountable on motor vehicles is causing the general public to associate ALLEN
with the Defendant, all to the detriment of the Plaintiff.

26.     Defendant has deceived the public by causing said goods to enter into commerce
        with full knowledge of the falsity of such designation of origin and such
        description and representation, all to the detriment of the Plaintiff.

27.     The continued use by Defendant of the trademark ALLEN on carriers that are
        mountable on motor vehicles will continue to deceive the public.

28.     ALLEN has no adequate remedy at law, and is suffering irreparable harm and
        damage as a result of the acts of Defendant complained herein in an amount thus
        far not determined, but believed to be in excess of Twenty-Five Thousand Dollars
        ($25,000.00).

## COUNT III

29.     ALLEN repeats and realleges each and every one of the allegations of paragraphs
        1-16, 18-21, and 23-28 as if fully set forth herein.

30.     Upon information and belief, Defendant has intentionally used the trademark
        ALLEN on cargo carriers that are mountable on motor vehicles so as to cause
        confusion and mistake, to deceive and mislead the purchasing public, to trade
        upon the reputation of Plaintiff, and to improperly appropriate the valuable
        trademark rights of Plaintiff. Defendant has confused the purchasing public into
        believing that they are dealing with the Plaintiff or an affiliate of the Plaintiff.

31.     Defendant has used the trademark ALLEN on carriers that are mountable on
        motor vehicles without the consent of the Plaintiff.

6

32.    Plaintiff has no adequate remedy at law, and is suffering irreparable harm and
       damage as a result of the acts of Defendant complained herein in an amount thus
       far not determined, but believed to be in excess of Twenty-Five Thousand Dollars
       ($25,000.00).

## COUNT IV

33.    ALLEN repeats and realleges each and every one of the allegations of paragraphs
       1-15, 17-21, 23-28, and 30-32 as if fully set forth herein.

34.    The ALLEN Mark used on carriers that are mountable on motor vehicles has
       come to have a secondary meaning indicative of origin, relationship, sponsorship
       and/or association with the Plaintiff.

35.    Defendant has, and continues, to use the trademark ALLEN in connection with
       cargo carriers that are mountable on motor vehicles and has diluted the
       distinctiveness of the ALLEN Mark for a universal carrier that is mountable on a
       motor vehicle.

36.    As a result of the use by Defendant of the trademark ALLEN on carriers that are
       mountable on motor vehicles, the business reputation of the Plaintiff is likely to
       be injured in that the purchasing public is likely to believe that the Plaintiff
       authorizes, is the source of origin, and/or is the sponsor for Defendant's Offending
       Products, and therefor will not purchase ALLEN's carriers that are mountable on
       motor vehicles in the erroneous belief that there is an association between
       Defendant and Plaintiff or an affiliate of Plaintiff.

37.    Defendant has intentionally used the trademark ALLEN on carriers that are

7

mountable on motor vehicles so as to cause confusion, mistake, and deception as to the source of goods, and with the intent to palm off its goods as those of the Plaintiff, and as such, Defendant has committed trademark infringement and unfair competition under the Trademark Laws of the United States.

38. ALLEN has no adequate remedy at law, and is suffering irreparable harm and damage as a result of the acts of the Defendant complained herein in an amount thus far not determined, but believed to be in excess of Twenty-Five Thousand Dollars ($25,000.00).

## COUNT V

39. ALLEN repeats and realleges each and every one of the allegations of paragraphs 1-15, 17-21, 23-28, 30-32 and 34-38 as if fully set forth herein.

40. As a result of the use by Defendant of the trademark ALLEN on cargo carriers that are mountable on motor vehicles, the business reputation of the Plaintiff is likely to be injured in that the purchasing public is likely to believe that Plaintiff authorizes, is the source of origin, and/or is the sponsor for Defendant's Offending Products and therefor will not purchase Plaintiff's motor vehicle mountable carriers in the erroneous belief that there is an association between the Defendant and the Plaintiff.

41. ALLEN has no adequate remedy at law, and is suffering irreparable harm and damage as a result of the acts of the Defendant complained herein in an amount thus far not determined, but believed to be in excess of Twenty-Five Thousand Dollars ($25,000.00).

8

**WHEREFORE**, the Plaintiff ALLEN demands:

1.  That a preliminary and permanent injunction be issued enjoining Defendant and its agents, servants, employees, attorneys, and those persons in active concert or participation with them:

    (a)  From manufacturing, distributing, offering for sale and selling carriers that are mountable on motor vehicles under the trademark ALLEN or any trademark that is similar thereto in connection with the sale of any unauthorized carriers that are mountable on motor vehicles;

    (b)  From using any logo, trade name, or trademark on carriers mountable on motor vehicles that has the effect of falsely representing that the products of Defendant or of third parties are sponsored by, authorized by, or in any way associated with the Plaintiff

    (c)  From infringing ALLEN's registered trademark;

    (d)  From otherwise unfairly competing with ALLEN;

    (e)  From falsely representing that it is connected with the Plaintiff or sponsored by or associated with the Plaintiff or engaging in any act which is likely to falsely cause the trade, retailers, and/or members of the purchasing public to believe that Defendant is associated with Plaintiff;

    (f)  From using any reproduction, counterfeit, copy, or colorable imitation of the ALLEN Mark in connection with the publicity, promotion, sale, or advertising of carriers mountable on motor vehicles that are sold or offered for sale by the Defendant;

9

(g)     From affixing, applying, annexing, or using in connection with the sale of any carrier mountable on motor vehicles, a false description or representation, including words or other symbols tending to falsely describe or represent such goods as those of the Plaintiff and from such goods in commerce;

(h)     From using any trademark on carriers that are mountable on vehicles which is likely to cause mistake, confusion or to deceive the purchasing public into believing that Plaintiff is associated with or a sponsor of Defendant's carriers that are mountable on motor vehicles; and

(i)     From using any trademark or trade name which is likely to cause mistake, confusion or to deceive the purchasing public into believing that there is an association between the Defendant and the Plaintiff.

2.     That the Defendant be required, pursuant to 15 U.S.C. § 1118, to deliver up for destruction all infringing products, labels, signs, prints, packaging, wrappers, designs, artwork and advertisements in its possession, custody or control related to or used in the manufacture, production, offering for sale and/or sale of the Offending Products.

3.     That Defendant be required to account to Plaintiff for all lost profits and damages resulting from Defendant's infringing activities and that the award be increased as provided for under 15 United States Code, § 1117.

4.     That ALLEN be awarded actual damages, interest, costs, and attorneys' fees.

10

5.    That ALLEN be awarded treble damages as provided under 15 United States Code

§ 1117.

6.    That ALLEN have a recovery from Defendant of the costs of this action and

ALLEN's reasonable counsel fees.

7.    That ALLEN have any and all other further relief as the Court may deem just and

proper under the circumstances.

## JURY DEMAND

Plaintiff demands a jury trial.

R.A. ALLEN COMPANY, INC.

Dated: September 12, 2008    By

Herbert L. Bello  (BBO# 036620)
Scott P. Murphy  (BBO# 555212)
One Hollis Street
Wellesley, Massachusetts 02482
Telephone: (781) 235-4457
Facsimile: (781) 235-6448
Attorneys for Plaintiff, ALLEN, Inc.

38206AllenvAllenComplaint.com.wpd
September 11, 2008

11